KIMBERLY A. KLINSPORT, CA Bar No. 259018
  kklinsport@foley.com
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3500
LOS ANGELES, CA 90071-2411
TELEPHONE: 213.972.4500
FACSIMILE:  213.486.0065

Attorneys for Defendant INTEVA PRODUCTS, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| CONSULTANTS GROUP COMMERCIAL FUNDING CORPORATION, a California Corporation doing business as CG Commercial Finance,<br><br>                    Plaintiff,<br><br>    vs.<br><br>INTEVA PRODUCTS, LLC, a Delaware Limited Liability Company; and DOES 1 through 20, inclusive,<br><br>                    Defendants. | Case No. 8:17-CV-01114<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446**<br><br>**Removed from the Superior Court of California, County of Orange**<br><br>Case Filed:   June 7, 2017 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Inteva Products, LLC ("Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes Case No. 30-2017-00924870-CU-BC-CJC, filed in the Superior Court of the State of California for the County of Orange (the "Action"), and all claims and causes of action therein, to the United States District Court for the Central District of California, Southern Division. As grounds for removal, Defendant states that this Court has original jurisdiction over this matter under 28 U.S.C. § 1332 on the basis of diversity jurisdiction, and that all the claims and causes of action in the matter may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

## I. STATE COURT ACTION

1. On June 7, 2017, plaintiff Consultants Group Commercial Funding Corporation, dba CG Commercial Finance ("Plaintiff"), filed a complaint (the "Complaint") which commenced the Action in the Superior Court of the State of California for the County of Orange. The Complaint contains the following purported causes of action: Breach of Contract; Money Due for Services Provided; and Declaratory Relief. True and correct copies of the pleadings filed in Case No. 30-2017-00924870-CU-BC-CJC in the Superior Court of the State of California for the County of Orange, and any orders by the Superior Court, are attached to the Declaration of Kimberly Klinsport ("Klinsport Decl.") as **Exhibit A**, filed concurrently herewith.

2. Plaintiff transmitted the Complaint by e-mailing it to an attorney not authorized to accept service for Defendant on June 8, 2017. A true and correct copy of Plaintiff's June 8, 2017 email is attached as **Exhibit B** to the Klinsport Decl. Defendant first received service of the summons and Complaint via its registered agent on June 19, 2017. [Declaration of Lance Lis ("Lis Decl."), ¶ 5, filed concurrently herewith].

3. No motions or other proceedings are currently pending in the Superior Court.

## II. GROUNDS FOR REMOVAL

### A. Timeliness, Venue, and Notice

4. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because Plaintiff forwarded the Complaint by e-mailing it to an attorney not authorized to accept service for Defendant on June 8, 2017. [Klinsport Decl., ¶ 3.] While attempted service by email is improper, receipt of the Complaint on that date allows Defendant to remove the Action on or before July 7, 2017. *See* 28 U.S. Code § 1446(b)(1) ("notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based …").

5. Venue is proper under 28 U.S.C. § 1446(a), which provides for removal of any civil action to the federal district court for the district and division embracing the place where the action is pending. Venue lies in the United States District Court for the Central District of California, Southern Division, pursuant to 28 U.S.C. §§ 1391 and 1441(a), because the Action was filed within this district.

6. Defendant is filing with the Clerk of the State Court in which the Action currently is pending a Notice to State Court and Adverse Parties of Removal, together with this Notice of Removal and supporting documents, pursuant to 28 U.S.C. § 1446(d). Copies of the Notice to State Court and Adverse Parties of Removal, together with this Notice of Removal, are being served on Plaintiff pursuant to 28 U.S.C. § 1446(d).

### B. DIVERSITY JURISDICTION

7. This Court has original jurisdiction over the Action pursuant to 28 U.S.C. § 1332 because: (a) there is complete diversity among the Plaintiff and Defendant; and (b) the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

#### 1. Diversity of Citizenship

8. A corporation is deemed to be a citizen of both its state of incorporation and the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c); *see also*

*Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

9. As alleged in the Complaint, Plaintiff is a California corporation with its principal place of business in Orange County, California. [Klinsport Decl., **Ex. A**, Complaint at ¶ 1.] Therefore, Plaintiff is a citizen of California for purposes of the Court's diversity jurisdiction.

10. Contrary to the allegation in the Complaint, Defendant is not a Michigan limited liability company. Rather, Defendant is a Delaware limited liability company. [Lis Decl., ¶ 2] Nevertheless, for purposes of diversity jurisdiction, ABC is considered to have the citizenship of its members. *Trident–Allied Assoc., LLC v. Cypress Creek Assoc., LLC*, 317 F. Supp. 2d 752, 753 (E.D. Mich. 2004).

11. Defendant has a single member, The Renco Group, Inc. ("Renco"). [Lis Decl., ¶3] Renco is a New York corporation with its principal place of business in New York. [Lis Decl., ¶4] Therefore, Renco and Defendant are citizens of New York for purposes of this Court's diversity jurisdiction.

12. For purposes of determining whether this action is subject to removal, the citizenship of the defendants identified as "Does 1-20, inclusive" is disregarded. 28 U.S.C. § 1441(b)(1).

13. Therefore, complete diversity exists between Plaintiff and Defendant.

### 2.  **Amount in Controversy**

14. "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). All that is required is a "short and plain statement of the grounds for removal," including "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id*., at 551, 554.

15. Plaintiff alleges that it is entitled to "general, special and consequential damages" from Defendant resulting from its default under a $75 million equipment lease, including loss of profits, loss of rate of return, out of pocket costs, reasonable attorneys'

-3-                                        NOTICE OF REMOVAL
                                                    Case No. 8:17-CV-01114

fees and expenses, loss of amounts owing under the lease, and forfeiture of Defendant's deposit in the amount of $1,200,697.50 as a "fully earned processing fee" [Klinsport Decl., **Ex. A**, Complaint at ¶¶ 7, 12, 14, 16, 17, 19.] Accordingly, the Complaint alleges an amount in controversy that exceeds this Court's jurisdictional threshold of $75,000, exclusive of interest and costs.

### C.     Consent to Removal

16.     To date, none of the defendants identified as "Does 1 through 20, inclusive" has been identified or served.  For purposes of removal, under 28 U.S.C. § 1441, it is not necessary for defendants who have not been served to join in the removal. *Mitchell v. Paws Up Ranch, LLC*, 597 F. Supp. 2d 1132 (D. Mont. 2009).

17.     Accordingly, the requirements are met for removal of this Action under 28 U.S.C. § 1332, 1441, and 1446, and, the case must now be removed to this Court.

18.     This Notice of Removal is filed subject to and with full reservation of rights. No admission of fact, law or liability is intended by this Notice of Removal, and all defenses, motions, and pleas are expressly reserved.

DATED:  June 29, 2017          **FOLEY & LARDNER LLP**
                               Kimberly A. Klinsport


                               /s/ Kimberly A. Klinsport
                               Kimberly A. Klinsport
                               Attorneys for Defendant INTEVA
                               PRODUCTS, LLC